UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARTY CALDERONE<br>CHRISTOPHER SANTOS | : | |
| v. | : | PRISONER CASE NO.<br>3:04-cv-1562 (JCH) (HBF) |
| STATE OF CONNECTICUT DEP'T<br>OF CORRECTIONS, et al.[1] | : | AUGUST 29, 2005 |

**RULING ON PENDING MOTIONS**

The plaintiffs, Marty Calderon and her son Christopher Santos, an inmate at Northern Correctional Institution in Somers, Connecticut, filed this civil rights action pro se pursuant to 28 U.S.C. § 1915. Plaintiff Calderon claims that the defendants have denied her the opportunity to visit with her son since February 2003. Plaintiff Santos claims that the defendants failed to protect him from assault by another inmate, failed to provide him with adequate medical treatment for his injuries due to the assault, sprayed him with mace, denied him access to his inmate account funds, denied him visitation with his mother and retaliated against him for filing this action and a habeas petition.

The defendants have filed a motion to dismiss and a motion for extension of time to respond to discovery. The plaintiffs have filed a motion to amend, nine motions to supplement the complaint, a motion for default and two motions to compel. For the reasons that follow, the motion to dismiss and the motions to supplement are denied without prejudice, the motions to compel, the motion for extension of time and the motion for default are denied and the motion to amend is granted.

---

[1]The named defendants are State of Connecticut Department of Corrections, Warden Wayne Choinski and Northern Correctional Institution.

The defendants move to dismiss the amended complaint on the ground that plaintiff Calderon is not an attorney and cannot represent her son in this action. In response to the motion, plaintiff Calderon has filed a motion for leave to amend with a proposed amended complaint attached which is signed by her and her son.

On September 17, 2004, plaintiff Calderon commenced this action on her own behalf and on her son's behalf. The complaint was not signed by her son. Plaintiff Calderon claimed that on August 18, 2004, in a proceeding for involuntary representation, a judge in the Stafford Springs Probate Court granted her request to be appointed as her son's temporary conservator to pursue his legal claims and to obtain his medical records. A copy of the order of appointment is attached to the complaint. The appointment was valid for thirty days.

On October 20, 2004, plaintiff Calderon filed an amended complaint on her own behalf and her son's behalf. The amended complaint was not signed by her son. At that point, the temporary appointment as her son's conservator had lapsed. On November 17, 2004, plaintiff Calderon filed a motion to supplement the amended complaint seeking to inform the court that the Stafford Probate Court had granted her son's request that she be appointed as voluntary conservator of his person and estate pursuant to Connecticut General Statutes § 45a-644. (See Dkt. No. 9.)

A litigant in federal court has a right to act as his or her own counsel. See 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel. . . ."). A non-attorney, however, has no authority to appear as an attorney for others. See Iannaccone v. Law, 142 F.3d 553,

558 (2d Cir. 1998) (an individual who is not licenced as an attorney "may not appear on another person's behalf in the other's cause."); Eagle Assoc. v. Bank of Montreal, 926 F.2d 1305, 1308 (2d Cir. 1991) (Section 1654 "'does not allow for unlicensed laymen to represent anyone else other than themselves'") (citation omitted). Furthermore, under Connecticut law, a pro se party may not appear on behalf of another pro se party because to do so would be to engage in the unauthorized practice of law. See Conn. Gen. Stat. § 51-88.

Plaintiff Calderon does not profess to be a licensed attorney. She claims that pursuant to Rule 17, Fed. R. Civ. P., she has a right to file and pursue this lawsuit on behalf of her son because a Probate Court judge has appointed her as the conservator of her son's person and estate. Rule 17(c), Fed. R. Civ. P., provides that a conservator may sue on behalf of an incompetent person or an infant. Papers attached to the amended complaint indicate that plaintiff Calderone's son was born in 1975. Thus, he is clearly not a child.

On August 18, 2004, in an involuntary representation proceeding in the Stafford Springs Probate Court, a judge appointed plaintiff Calderon as plaintiff Santos' temporary conservator to allow her to obtain medical records and pursue legal claims. The appointment was valid for thirty days. Plaintiff Calderon filed this action on September 17, 2004, the last day of her appointment as her son's temporary conservator. Plaintiff Calderone has provided no evidence to demonstrate that she was her son's conservator during the period after her initial appointment ended on September 17, 2004 until November 14, 2004.

On November 15, 2004, a Probate Court judge appointed plaintiff Calderon as the voluntary conservator of the person and estate of plaintiff Santos pursuant to Connecticut General Statutes § 45a-646. (See Dkt. 9.) A voluntary appointment, however, is not based on a determination that the petitioner is incompetent. See Price v. Castro, No. CV 940542538, 1995 WL 780911, at *2 (Conn. Super. Ct. Dec. 12, 1995) ("The appointment of a conservator pursuant to an application for voluntary representation under General Statutes § 45a-646 is not a finding that the applicant is incompetent."); Connecticut General Statutes § 45a-646(g) (Voluntary representation means the appointment of a conservator of the person or estate, or both, upon request of the respondent, without a finding that the respondent is incapable of managing his or her own affairs or incapable of caring for himself or herself.") Thus, there is no evidence indicating that plaintiff Santos is currently incompetent and plaintiff Calderone does not have the authority to pursue this case on behalf of plaintiff Santos under Rule 17(c), Fed. R. Civ. P. Furthermore, plaintiff Calderone, as a non-attorney, could not represent her son in this action even if he had been adjudged incompetent. See Iannaccone v. Law, 142 F.3d 553, 558 (2d Cir. 1998) (an individual who is not licenced as an attorney "may not appear on another person's behalf in the other's cause."); Cheung v. Youth Orchestra Found. of Buffalo, 906 F.2d 59, 61 (2d Cir.1990) ("[I]t is not in the interests of minors or incompetents that they be represented by non-attorneys. Where they have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected.")

In response to the motion to dismiss, the plaintiffs have filed a motion for leave to file a second amended complaint accompanied by a proposed amended complaint that is signed by both plaintiff Calderon and plaintiff Santos. As it appears that plaintiff Santos seeks to litigate his own claims as set forth in the amended complaint, the court grants the motion to amend. The seven motions to supplement are denied without prejudice because they seek to add claims on behalf of both plaintiffs, but only plaintiff Calderon has signed the motions and proposed amended complaints attached to the motions. In addition, the proposed supplemental complaints are incomplete as they only include the new allegations sought to be added to this case. See International Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1977), (because amended complaint supersedes original complaint and renders former complaint of no legal effect, amended complaint must contain all claims against defendants and relief requested), cert. denied, 434 U.S. 1014 (1978).

In view of the filing of a second amended complaint, the motion to dismiss is denied without prejudice as moot. The court will now address the claims in the second amended complaint.

The plaintiffs allege that between February 2003 and October 18, 2004, plaintiff Calderon was only able to visit plaintiff Santos on four occasions. Correctional officers informed plaintiff Calderon that she could not visit her son regularly because he had been sanctioned by correctional officials.

On August 20, 2003, another inmate assaulted plaintiff Santos while he was handcuffed. Plaintiff Santos suffered injuries including back pain, migraine headaches,

a broken nose, chipped teeth, numbness all over his body, head trauma and a laceration to his head. In September 2004, a psychiatrist at Northern Correctional Institution attempted to administer a test to plaintiff Santos, but plaintiff Santos was unable to complete it due to an inability to concentrate. A number of Department of Correction employees have been involved in plaintiff's medical care following the August 2003 assault.

A State Police Officer investigated the facts surrounding the August 2003 assault on plaintiff Santos. The officer concluded that sufficient evidence existed to swear out a warrant for the arrest of the inmate who assaulted plaintiff Santos.

On February 6, 2004, correctional officers sprayed mace at plaintiff Santos and caused injury to his eyes. Plaintiff Santos claims that he does not see correctly out of one of his eyes and must wear prescription eyeglasses.

Plaintiff Santos claims that he has been subjected to a hostile environment in retaliation for filing this lawsuit and a petition for writ of habeas corpus concerning conditions of confinement at Northern. Plaintiff Santos claims that he has been unable to use his inmate account funds to purchase food from the commissary because unidentified correctional officers have denied him access to the funds in his prisoner account.

Plaintiff Santos claims that the plea bargain accepted by a Superior Court Judge in his state criminal case is unconstitutional because he did not have adequate legal representation at the time he entered the plea. He claims that unidentified correctional officers took medical records and photographs relating to his state criminal case.

Plaintiff Santos claims that in August 2001, he suffered injuries while he was detained at the police station in Meriden, Connecticut.

Plaintiff Calderon alleges that she has suffered emotional distress as a result of viewing the injuries suffered by plaintiff Santos. The plaintiffs seek monetary damages and injunctive relief.

The plaintiffs name the State of Connecticut Department of Correction, Northern Correctional Institution and Warden Choinski as defendants. Neither a Department of Correction nor a correctional institution is a "person" within the meaning of § 1983. See Santiago v. New York State Dep't of Correctional Servs., 725 F. Supp. 780, 783-84 (S.D.N.Y. 1989), rev'd on other grounds, 945 F.2d 25 (2d Cir. 1991), cert. denied, 502 U.S. 1094 (1992) (holding that state and state agencies are not persons under § 1983); Grabow v. Southern State Corr. Facility, 726 F. Supp. 537, 538-39 (D.N.J. 1989) (holding that state correctional facility and Department of Correction were parts of state government protected from suit under the Eleventh Amendment and consequently were not "persons" for purposes of § 1983); Richards v. New York Dep't of Corr. Servs., 572 F. Supp. 1168, 1172 (S.D.N.Y. 1983) (holding that Department of Correctional Services was an agency of the state and consequently was not a "person" subject to suit under §§ 1981, 1983, 1985); Sittig v. Illinois Dep't of Corr., 617 F. Supp. 1043 (N.D. Ill. 1985) (holding that Illinois Department of Correction and two of its facilities were not "persons" within the meaning of § 1983). Accordingly, there is no arguable legal basis for a § 1983 action against the Department of Correction or Northern Correctional Institution and the claims against these defendants are dismissed. See Neitzke v. Williams, 490

U.S. 319, 325; 28 U.S.C. § 1915(e)(2)(B)(i).

There are no specific allegations against Warden Choinski in the second amended complaint. Attached to the complaint is a letter from Warden Choinski to plaintiff Calderon. Warden Choinski acknowledges receipt of a letter from plaintiff Calderon regarding her son and indicates that he has forwarded her letter to Health Services Administrator and a physician at the facility to enable them to take appropriate action.

"A supervisor may not be held liable under section 1983 merely because his subordinate committed a constitutional tort." Leonard v. Poe, 282 F.3d 123, 140 (2d Cir. 2002). Section 1983 imposes liability only on the official causing the violation. Thus, the doctrine of respondeat superior is inapplicable in section 1983 cases. See Blyden v. Mancusi, 186 F.3d 252, 264 (2d Cir. 1999); Prince v. Edwards, No. 99 Civ. 8650(DC), 2000 WL 633382, at *6 (S.D.N.Y. May 17, 2000) ("Liability may not be premised on the respondeat superior or vicarious liability doctrines, . . . nor may a defendant be liable merely by his connection to the events through links in the chain of command.")(internal quotations and citation omitted).

> [A] supervisor may be found liable for his deliberate indifference to the rights of others by his failure to act on information indicating unconstitutional acts were occurring or for his gross negligence in failing to supervise his subordinates who commit such wrongful acts, provided that the plaintiff can show an affirmative causal link between the supervisor's inaction and [his] injury.

Leonard, 282 F.3d at 140.

The Eighth Amendment protects inmates from deliberate indifference by prison

officials to their serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). To prevail on such a claim, the plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Id. at 106. There are both subjective and objective components to the deliberate indifference standard. See Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994), cert. denied sub nom. Foote v. Hathaway, 513 U.S. 1154 (1995). The alleged deprivation must be "sufficiently serious" in objective terms. Wilson v. Seiter, 501 U.S. 294, 298 (1991). In addition to demonstrating a serious medical need to satisfy the objective component of the deliberate indifference standard, an inmate also must present evidence that, subjectively, the charged prison official acted with "a sufficiently culpable state of mind." Hathaway, 37 F.3d at 66. "[A] prison official does not act in a deliberately indifferent manner unless that official 'knows and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)).

Here, Warden Choinski forwarded plaintiff Calderone's letter concerning her son's health issues to medical personnel at the prison facility. The plaintiffs do not allege or attach any other documentary evidence suggesting that Warden Choinski failed to properly respond to plaintiff Calderon's letter concerning her son's health issues. A correctional official, like Warden Choinski, who is not a physician or nurse, is entitled to defer to the opinions of trained personnel in the context of medical issues. See, e.g., Long v. Nix, 86 F.3d 761, 765 n.4 (8th Cir. 1996) (agreeing with district

court's determination that prison official were entitled to rely on opinions of medical staff); Rodriguez v. McGinnis, 2004 WL 1145911, at *18 (W.D.N.Y. May 18, 2004) ("it appears to be well accepted in this Circuit that in general supervisory prison officials may not be found liable for constitutional violations involving medical care where they reasonably relied on the opinions of prison medical staff")(citing cases). The court concludes that plaintiff Santos has failed to allege that defendant Choinski was deliberately indifferent to his alleged medical conditions and/or injuries. The claims against defendant Choinski are dismissed for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii).

## IV. CONCLUSION

Plaintiffs Calderone and Santos' Motion to Amend Complaint [**Dkt. No. 19**] is **GRANTED**. The Clerk is directed to docket the Second Amended Complaint attached to the motion to amend. The Motions to Supplement Complaint [**Dkt. Nos. 8, 9, 12, 15, 18, 21, 22, 25, 26**] are **DENIED** without prejudice. The Motion to Dismiss [**Dkt. No. 10**] is **DENIED** without prejudice as moot. The claims in second amended complaint are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). The Motion for Default Judgment [**Dkt. No. 7**] is **DENIED**. The defendants filed their motion to dismiss within the time specified in the Order on Pretrial Deadlines. The Motions to Compel and for Extension of Time to Respond to Request for Production [**Dkt. Nos. 13, 14, 24**] are **DENIED** as moot in view of the dismissal of the second amended complaint.

Within thirty days of the date of this order, the plaintiffs may file a third amended complaint provided they can assert specific factual allegations and legal claims against

individuals who are responsible for the alleged failure to protect plaintiff Santos from assault by another inmate, failure to provide plaintiff Santos with adequate medical treatment for his injuries due to the assault, use of mace against plaintiff Santos, denial of access to plaintiff Santos' inmate account funds, retaliation against plaintiff Santos for filing this action and a habeas petition and deprivation of plaintiff Calderone's right to visit her son. The amended complaint shall also include evidence of exhaustion of plaintiff Santos' claims against the named defendants pursuant to the prison grievance procedures.

If plaintiff Santos seeks to assert claims against the defendants, he must sign the third amended complaint as well as any other motion in which he seeks relief. **If no third amended complaint is filed within thirty days of the date of this order, the Clerk is directed to enter judgment and close this case.** It is certified that any appeal in forma pauperis from this ruling and order would not be taken in good faith within the meaning of 28 U.S.C. § 1915(a).

**SO ORDERED.**

Dated this 29th day of August, 2005, at Bridgeport, Connecticut.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge