UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARTY CALDERON, : | |
| Plaintiff : | CIVIL ACTION NO. |
| v. : | 3:04-CV-1562 (JCH) |
| : | |
| THERESA C. LANTZ, ET AL, : | DECEMBER 27, 2007 |
| Defendants : | |

**RULING RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [Doc. No. 81]**

Plaintiff Marty Calderon, the mother of state prison inmate Christopher Santos, filed this action related to various aspects of Santos's incarceration. Following the court's ruling on the defendants' Motion to Dismiss, the only claims left in this case are: 1) Calderon's Section 1983 claim that the defendants violated her associational rights by restricting her ability to visit her, and 2) various state law claims. See Doc. No. 64. The defendant prison officials, Theresa Lantz, Wayne Choinski, Paul Barselau, Wayne Dumas, and Carson Wright, have moved for summary judgment on the associational claim. Doc. No. 81. The court **GRANTS** that motion. The court also declines to exercise supplemental jurisdiction over any remaining state law claims.

As an initial matter, the court notes that the defendants' motion for summary judgment was filed on August 31, 2007, and was accompanied by affidavits and other exhibits. Doc. No. 81. Those affidavits and exhibits supported the defendants' Rule 56(a)(1) Statement of Material Facts, filed on the same date. See Loc. Civ. R. 56(a).

To date, the plaintiff has failed to respond to the Motion for Summary Judgment, has failed to introduce any evidence of her own, and has failed to provide the required Local Rule 56(a)(2) statement disputing the defendants' facts. This lack of evidence

1

occurred despite the fact that plaintiff was given a specific Notice to Pro Se Litigant warning her of the consequences of a failure to respond to defendants' motion. See Doc. No. 82.[1] In accordance with Local Civil Rule 56(a)(3), the court deems the defendants' Statement of Material Facts to be admitted.

Those admitted facts show that on numerous occasions, Santos was disciplined by various prison officials for a wide variety of infractions. The punishment imposed for each of these infractions was a temporary loss of visitation privileges. The evidence shows that, when Calerdon was unable to visit with Santos, the cause of the separation was the fact that Santos had lost his visitation privileges. The punishments inflicted on Santos were imposed pursuant to prison policy.

Although the Constitution protects associational rights in the family context, such rights are subject to significant curtailment in the prison context. Overton v. Bazzetta, 539 U.S. 126, 130-31 (2003). Restrictions on these rights are valid when they bear a rational relationship to "legitimate penological interests." Id. at 131. The burden is on the plaintiff to prove that a prison regulation is invalid. Id. at 132. Here, Calderon has plainly not met that burden. The punishments imposed on Santos were rationally and understandably related to the prison's interest in punishing prisoner misbehavior and in trying to deter future misbehavior. Although Calderon has speculated that the punishments were racially motivated, she has introduced no evidence in the record to support that speculation. The defendants are entitled to summary judgment.

---

[1] In addition, it appears that plaintiff Calderon is a party in 28 actions in this district. In at least some of those actions, Calderon has received notice specifically outlining her obligations under Local Rule 56(a)(2). See Doc. No. 88.

Additionally, the court notes that there is no evidence in the record personally tying any of the defendants to any denial of visitation rights. Under section 1983, individual officials cannot be held liable for constitutional violations unless there is evidence that they were personally involved in the deprivation of the plaintiff's rights. See, e.g., Patterson v. County of Oneida, 375 F.3d 206, 229 (2d Cir. 2004). Accordingly, Calderon's section 1983 claims fail for this independent reason, and the defendants are entitled to summary judgment on her federal constitutional claim.

Calderon's Amended Complaint could also be read to assert various state law claims on her behalf. Jurisdiction over these claims exists solely by virtue of 28 U.S.C. § 1367. However, when all federal claims have been dismissed prior to trial, it is appropriate for the district court to leave the state law claims to the state courts. Giordano v. City of New York, 274 F.3d 740, 754 (2d Cir. 2001). To the extent that Calderon has advanced any state law claims, the court declines to exercise supplemental jurisdiction over them, and any such claims are dismissed without prejudice to being re-filed in state court.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 27th day of December, 2007.

    /s/ Janet C. Hall
Janet C. Hall
United States District Judge